IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02691-RM-KLM

EDGAR NELSON PITTS,

    Plaintiff,

v.

ANDRE MATEVOUSIAN, in his official capacity as Warden,
FREDERICK FRANDLE, in his official capacity as Hearing Administrator, and
UNKNOWN PSYCHOLOGIST,

    Defendants.

---

**ORDER DENYING MOTION FOR DEFAULT**

---

    This matter is before the Court on Plaintiff's Motion for Default as against Defendant Frandle. (ECF No. 40) Defendant Frandle has responded (ECF No. 41), and the Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

    Plaintiff is a federal prisoner, currently housed at the ADMAX (or ADX) United States Penitentiary in Florence, Colorado. He brings this *Bivens*[1] action against prison warden Andre Matevousian, hearing administrator Frederick Frandle, and an unknown psychologist. Plaintiff appears *pro se*; therefore, the Court liberally construes his pleadings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nevertheless, Plaintiff must still comply with the same rules of procedure as other litigants. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendant Frandle, an alleged United States employee, is sued only in his official capacity. (ECF No. 28, p. 3.) Pursuant to Fed. R. Civ. P. 12(a)(2), "a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." However, the government employee may serve a Rule 12(b) motion in lieu of an answer within that time frame. *See* Fed. R. Civ. P. 12(b).

In this case, the United States Attorney's Office was served via email on October 15, 2020. (ECF No. 32.) In addition, Defendant Frandle was allegedly personally served via the Deputy Regional Counsel for the Bureau of Prisons on November 9, 2020. (ECF No. 35.) Applying the general rule requiring an answer or other responsive filing with 21 days of the service of a complaint, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), the Clerk noted a response date for Defendant Frandle as November 30, 2020. (ECF No. 35.)

On December 14, 2020, within 60-days of service on the United States Attorney, Defendants Frandle and Matevousian filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 38.) Also on that date, Plaintiff filed the Motion for Default against Defendant Frandle. Plaintiff's Motion for Default appears to seek not only default but also default judgment. He relies on the Clerk's notation that Defendant Frandle's responsive filing was due on November 30, 2020.

The Court starts with Plaintiff's request for default judgment. The entry of a default judgment is a two-step process. First, Plaintiff must request the clerk to enter default on the docket after showing that default may enter. *Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. 1995) (unpublished table decision). Then, after entry of default by the clerk, "'the party entitled to a judgment by default shall apply to the court therefor.'" *Id*. (quoting

Fed. R. Civ. P. 55(b)(2)). As default has not been entered, default judgment may not be granted. Thus, any request for default judgment is denied.

Plaintiff's request for default fares no better. Here, although the Clerk noted a response deadline of November 30, 2020, the Federal Rules of Civil Procedure must nonetheless be examined to determine if this is correct. And, here, where a government officer or employee is sued only in his official capacity, Rule 12(a)(2) specifically allows a response within 60 days of service, not 21 days generally allowed to private litigants. 4 Adam N. Steinman, Federal Practice & Procedure § 1027 (4th ed. Supp. 2020); *Landry v. Smith*, 58 F. App'x 439, 441 (10th Cir. 2003) ("Rule 12(a) gives a federal governmental defendant 60 days in which to answer a plaintiff's complaint," or a Rule 12(b)(6) defense may be raised in a pre-answer motion.). Thus, the Clerk's docket entry does not control, and default may not enter. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default (ECF No. 40) is **DENIED**.

DATED this 4th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge